UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M.,<br>　　　　　Plaintiff,<br>　　v.<br>LELAND DUDEK,[1]<br>　　　　　Defendant. | Case No. 24-cv-06584-JST<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REVERSAL AND REMAND**<br><br>Re: ECF No. 10 |

Plaintiff Michael M. seeks judicial review of the Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits pursuant to 42 U.S.C. § 405(g). Before the Court are Plaintiff's motion for reversal and remand and the Commissioner's opposition. ECF Nos. 10, 16. The matter is deemed fully briefed and submitted without oral argument pursuant to Civil Local Rule 16-5. The Court will grant Plaintiff's motion.

## I.  BACKGROUND

Plaintiff resides in Berkeley, California. Administrative Record ("AR")[2] 1. He was born on August 18, 1967, AR 192, and has a high school education, AR 580. From 2008 to 2014, he worked as a prep cook in a bagel shop. AR 810.

Plaintiff alleges that he has been disabled since August 10, 2014. AR 192. His application for disability benefits is based upon alleged impairments including depression, anxiety, and chronic leg pain. AR 67.

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted as the defendant in this suit.
[2] The Administrative Record can be found at ECF No. 9.

Plaintiff filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act in September 2017, alleging an onset date of August 10, 2014. AR 192–206. His claim was initially denied on February 9, 2018, AR 135–40, and again upon reconsideration on May 10, 2018, AR 141–48. An Administrative Law Judge ("ALJ") heard Plaintiff's case on May 17, 2019, and issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act, AR 12–30, 149–50. Plaintiff then filed an action in federal district court in August 2020, which resulted in remand for further proceedings in March 2022. AR 671–708. Another ALJ hearing was then held in May 2024. AR 833–48. The ALJ issued a partially favorable decision on May 16, 2024, finding plaintiff disabled at the time his age category changed upon turning 55 years old on August 17, 2022 but not disabled prior to that date. AR 580–82. That decision is the subject of the action now before the Court. In reaching this decision, the ALJ used the five-step sequential evaluation process for disability determinations required by SSA regulations. 20 C.F.R. § 416.920(a)(1).

The ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 10, 2014. AR 572. At the second step, the ALJ found that Plaintiff had the following severe impairments since the alleged onset date of disability: degenerative disc disease; scoliosis; sciatica; major depressive disorder; anxiety disorder; neurocognitive disorder; and polysubstance use disorder (methamphetamine and cannabis). AR 572. At the third step, the ALJ found that Plaintiff did not have an impairment that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1, so proceeded to step four. 20 C.F.R. § 416.920(a)(4)(iii); AR 573–74. At the fourth step, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 but with several limitations:

> the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and walk 4 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. He can frequently push and pull as much as he can lift/carry with the bilateral upper extremities. He can frequently balance and occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. He can occasionally reach overhead with the bilateral upper extremities. He should avoid hazards such as unprotected heights and dangerous machinery. The claimant can understand, remember, and

> carry out simple, repetitive instructions and tasks that require no interaction with the public either on the telephone or in-person. In addition, the claimant can occasionally interact with coworkers and supervisors. The claimant cannot perform fast-paced work, i.e., assembly line work, and cannot perform work that requires him to be responsible for the safety of others.

AR 574. Based on this determination, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 580. At the fifth and final step, the ALJ made separate determinations for the periods before and after August 17, 2022, when Plaintiff's age category changed to an individual of advanced age upon turning 55 years old. AR 580. The ALJ determined that prior to August 17, 2022, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform: cleaner, routing clerk, and marker II. AR 580–81. The ALJ then determined that beginning on August 17, 2022, there were no jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 581. The ALJ thus found that Plaintiff was not disabled prior to August 17, 2022, but became disabled on that date and has continued to be disabled through the date of the decision. AR 582 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

## II.   JURISDICTION

This Court has jurisdiction to review final decisions of the Commissioner pursuant to 42 U.S.C. § 405(g)

## III.   LEGAL STANDARD

"The Court may set aside a denial of benefits only if not supported by substantial evidence in the record or if it is based on legal error." *Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1084–85 (9th Cir. 2000); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quotation marks and citation omitted). The Court "review[s] the administrative record in its entire[ty] to decide whether substantial evidence to support the ALJ's decision exists, weighing evidence that supports and evidence that detracts from the ALJ's determination." *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

3

"Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the ALJ." *Id.* at 1258. The ALJ is responsible for determinations of credibility, resolution of conflicts in medical testimony, and resolution of all other ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Additionally, courts "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). "Even when the ALJ commits legal error, [courts] uphold the decision where that error is harmless, meaning that it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quotation marks and citation omitted).

## IV. DISCUSSION

Plaintiff argues that the Court should reverse the ALJ's decision and remand for a finding of disability onset beginning August 10, 2014 because the ALJ's decision is not supported by substantial evidence and is based on legal error. *See* ECF No. 10. Specifically, he claims the ALJ erred by failing to: (1) correctly adjudicate the step-five question of whether Plaintiff can do any work; (2) properly apply Plaintiff's mental limitations at step five to determine whether Plaintiff could maintain employment; and (3) provide specific, clear, and convincing reasons for not crediting Plaintiff's statements about the intensity, persistence, and limiting effects of his impairments, symptoms, and limitations. *See id.* at 8–17.

Defendant argues that the Court should remand this case for further proceedings rather than remanding for a finding of disability. *See* ECF No. 16.

### A.   Physical Limitations Applied at Step Five

The ALJ found that Plaintiff had the physical RFC to perform light work, except that he could only lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and walk 4 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. AR 574.

The ALJ erred by relying on vocational expert ("VE") testimony in response to a hypothetical with physical limitations that did not match the RFC limitations in the written decision. AR 574, 580–81, 643-44. Specifically, the ALJ stated in the decision that "[p]rior to

4

1    August 17, 2022, if the claimant had the residual functional capacity to perform the full range of
2    light work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.14."
3    AR 581.  But the ALJ relied on and cited to the jobs that the VE testified were available for a
4    person who could stand and walk for six hours of a workday—rather than the four-hour limitation
5    that applied to Plaintiff.  *Compare id. with* AR 643–44.  Indeed, when the ALJ asked the VE about
6    whether jobs existed for an individual with Plaintiff's characteristics and who could stand and
7    walk for four hours in an eight-hour workday, for one hour at a time, the VE testified that there
8    were no available jobs at the light level.  AR 644–45.  The Court cannot conclude that this
9    discrepancy was "inconsequential to the ultimate nondisability determination" and was therefore
10   harmless.  *Brown-Hunter*, 806 F.3d at 492 (quoting *Treichler*, 775 F.3d at 1099).  The ALJ's step-
11   five finding that Plaintiff can perform jobs that exist in significant numbers in the national
12   economy was based on the testimony of the VE for RFC limitations less restrictive than those the
13   ALJ found applied to Plaintiff.
14        Plaintiff argues that the VE testimony regarding the correct RFC establishes that Plaintiff
15   could not perform light work and that the Court should thus find that he became disabled in
16   August 2017, on his 50th birthday, based on application of the sedentary exertion grid rule.  ECF
17   No. 10 at 10 (citing grid rule 201.14).
18        While the Commissioner concedes that the ALJ erred in the manner described above, the
19   Commissioner argues that the correct remedy is to remand for further proceedings because there is
20   still ambiguity about whether Plaintiff could perform light work according to his RFC.  ECF No.
21   16 at 4 & n.3.  The Commissioner contends that the ALJ also erred by posing to the VE a more
22   restrictive hypothetical for light work than the one that matched Plaintiff's limitations.
23   Specifically, the ALJ found that Plaintiff was limited to four hours of standing and walking in an
24   eight-hour workday.  AR 574.  But the ALJ then asked the VE whether there were any jobs
25   available for someone who could only walk or stand for four hours a day in an eight-hour
26   workday, *for only one hour at a time*, AR 644, despite not having made that limitation
27   determination for Plaintiff.  The Commissioner thus argues that additional administrative
28   proceedings are required because there is no vocational expert testimony in the record on whether

5

there are jobs available for an individual with Plaintiff's physical RFC of light work with four hours of standing or walking. ECF No. 16 at 4.

The Commissioner also contends that Plaintiff's argument would leave a three-year unadjudicated period between the alleged onset date of disability in August 2014 and the date that Plaintiff turned 50 years old in August 2017. *Id.* at 5. Plaintiff responds that the Court should issue "a narrower order remanding for payment of benefits, back to the date plaintiff turned 50 in August 2017, and a separate order for further proceedings for the time period dating from plaintiff's alleged onset date in August 2014 until August 2017." ECF No. 18 at 3. Plaintiff argues that this course of action is appropriate because "this is the second time Social Security has gotten the decision wrong, and . . . remanding for further proceedings as to plaintiff's physical ability to do work, under these circumstances, would serve 'no useful purpose.'" *Id.*

The Court agrees with Plaintiff that remand for further proceedings would serve "no useful purpose."[3] Critically, at step five of the inquiry, "the burden shifts to the agency to prove that 'the claimant can perform a significant number of other jobs in the national economy.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citing *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). It would thus be inequitable to require Plaintiff to endure further proceedings when it is the agency that failed to satisfy its burden to prove that Plaintiff could perform a significant number of other jobs based on his physical limitations. Indeed, where "it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations [that should have been properly considered], remand for an immediate award of benefits is appropriate." *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Here, the VE testimony available in the record makes it sufficiently clear that an individual with Plaintiff's physical limitations would be unlikely to be able to perform gainful employment in the national economy as of August 17, 2017.

///

---

[3] Because the Court remands with instructions to award benefits for the entire alleged period of disability based on Plaintiff's mental impairments, the Court does not address Plaintiff's alternative proposal to issue separate orders.

6

**B.     Mental Impairments Decided in the RFC**

The ALJ found that Plaintiff had the following mental limitations since August 10, 2014 in his RFC determination: "The claimant can understand, remember, and carry out simple, repetitive instructions and tasks that require no interaction with the public either on the telephone or in-person.  In addition, the claimant can occasionally interact with coworkers and supervisors.  The claimant cannot perform fast-paced work, i.e., assembly line work, and cannot perform work that requires him to be responsible for the safety of others."  AR 574.

Plaintiff argues that his mental limitations also support a finding of disability beginning August 10, 2014.  ECF No. 10 at 10–12.  He contends that because the ALJ found that the Plaintiff "can occasionally interact with coworkers and supervisors," AR 574, and the VE testified that the jobs she named as available would require during a 30-day probationary period more than occasional interaction with coworkers and supervisors, *see* AR 653, the record demonstrates that Plaintiff is disabled due to his mental impairments.  *See* ECF No. 18 at 5.  The Commissioner counters that Plaintiff's polysubstance use disorder "necessitates further factual development and administrative proceedings before determining whether Plaintiff's mental limitations were actually disabling under the Social Security Act."  ECF No. 16 at 6.

Ordinarily, if the ALJ finds that the claimant is disabled after the five-step inquiry and there is medical evidence of drug addiction or alcoholism, then the ALJ should determine if the claimant would still be found disabled if he stopped using alcohol or drugs.  *See Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1535, 416.935).  Here, the ALJ wrote in the decision that for the period beginning after August 17, 2022, because Plaintiff "can establish disability based on physical impairments alone . . . , the undersigned finds that substance use is not a contributing factor material to a determination of disability."  AR 581–82.

Because the ALJ determined Plaintiff not to be disabled prior to August 17, 2022, he did not make any finding regarding whether Plaintiff's polysubstance use disorder played any material role to Plaintiff's determination of disability in that period.  However, it was the ALJ's error—not Plaintiff's—that resulted in the ALJ not finding Plaintiff to be disabled prior to August 17, 2022 based on Plaintiff's mental impairments.  Indeed, the record indicates that had the ALJ properly

7

considered Plaintiff's impairment of only being able to "occasionally interact with coworkers and supervisors," the ALJ would likely have found no meaningful employment available to Plaintiff beginning August 10, 2014. *See Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) (finding that "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time" and that "[w]here it is established that the claimant can hold a job for only a short period of time, the claimant is not capable of substantial gainful activity"). Because "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication," the Court will remand with instructions for a finding of disability beginning August 10, 2014. *Benecke*, 379 F.3d at 595; *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than Moisa, had he lost, should have an opportunity for remand and further proceedings").

### C. Plaintiff's Subjective Testimony

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ first determines whether the claimant has presented objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" *See Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (quoting *Smolen*, 80 F.3d at 1281). "[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted). Where an ALJ's credibility determination is supported by substantial evidence, the court's "role is not to second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (internal citation and quotation marks omitted).

The ALJ summarized Plaintiffs' own description of his symptoms as follows:

> The claimant alleged depression on depression, anxiety, and chronic leg pain. In October 2017 function report, he reported that he could walk one-half mile before needing to rest 10 to 20 minutes. He could pay attention for 10 to 15 minutes and did not finish things he started (Exhibit 5E). At the May 2019 hearing, the claimant testified he was clean and sober but relapsed on methamphetamine the previous year. When he was clean and sober, he preferred to be by himself. Anxiety was aggravated by certain noises, such as the rustling of plastic bags. At the May 2024 hearing, the claimant reported that he was unable to walk more than 30 to 40 minutes without needing to rest. He reported that his pain was primarily located in the low back and right leg. He could lift maybe 10 pounds. He could walk 30 to 40 feet before feeling tired and achy.

AR 575. The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision." *Id.*

Plaintiff argues that his description of his subjective symptoms and limitations in the record "is much more extensive" than that summarized by the ALJ and that the ALJ "failed to set forth any reasoning based on substantial evidence to reject plaintiff's statements that the ALJ summarized, nor the additional symptoms and limitations described by plaintiff" and not included in the ALJ's summary. ECF No. 10 at 13. Plaintiff appears to focus specifically on his subjective symptoms of back and leg pain. *See* ECF No. 18 at 5. However, it is unclear exactly how the ALJ rejected Plaintiff's testimony on this front or what the proper determination by the ALJ should have been. Indeed, the ALJ explained that "[a]lthough the examinations do not reflect any ongoing strength deficits affecting the extremities, the undersigned finds that a limitation to a range of light exertional activity is advisable to prevent exacerbations of back pain and further damage to the back." AR 576. The ALJ thus *did* credit Plaintiff's testimony in determining that the appropriate RFC was one of light exertional activity to account for Plaintiff's back pain. Accordingly, the Court does not find that the ALJ erred on this ground.

### D.     Remand for Additional Proceedings

Where "additional proceedings can remedy defects in the original administrative

9

proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (internal quotation marks omitted). The Court may only remand for an award of benefits where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," *id.* at 1020, which necessarily means that "there are no outstanding issues that must be resolved before a determination of disability can be made," *id.* at 1020 n.26. The "proper" decision is, "except in rare circumstances," to allow the agency to conduct additional investigation or provide further explanation. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

The requirements for remand for an award of benefits are met in this case. The record is fully developed and for the reasons stated above the ALJ committed multiple errors in finding that Plaintiff was not disabled before August 17, 2022. First, the ALJ relied on inapplicable VE testimony to find that Plaintiff was not disabled beginning in August 2019. Second, the ALJ posed a more restrictive hypothetical of physical limitations to the VE than the ones that matched Plaintiff's RFC. Third, the ALJ failed to provide legally sufficient reasons—or any reasons—for not taking into account Plaintiff's mental impairments as decided in the RFC when determining whether Plaintiff would be able to maintain substantial gainful activity. If the ALJ had not committed these errors, the ALJ would be required to find the claimant disabled on remand beginning on August 10, 2014.

Furthermore, the "exceptional facts" of this case "counsel strongly in favor of remanding for immediate payment of benefits." *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990)). Plaintiff is 57 years old, and his claimed disability began more than a decade ago. *See id.* (reversing and remanding to the ALJ with instructions for the award of benefits where the claimant was 65 years old and her claimed disability began almost a decade ago). "[F]urther delays at this point would be unduly burdensome." *Id.* (quoting *Terry*, 903 F.2d at 1280); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for determination of benefits where the claimant had "already

waited over seven years for her disability determination"). The Court thus remands with instructions to the ALJ for the calculation and award of benefits.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reversal and remand is granted. The Court hereby remands this case for an immediate calculation and payment of benefits.

**IT IS SO ORDERED.**

Dated: July 9, 2025



JON S. TIGAR
United States District Judge

11